# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MELISSA MULLER,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**RICH MORGAN, CHELSEA KLINKE, RHYTHM MANANA, BELLUS ALC INVESTMENTS 1, LLC d/b/a AMERICAN LASER SKINCARE,**<br><br>      **Defendants.** | **Case No. 12 C 1815**<br><br>**Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Chelsea Klinke's Motion to Strike and Dismiss the Remainder of the Complaint (ECF No. 55). For the reasons stated herein, the Defendant's Motion to Dismiss is granted in part and denied in part.

## I. BACKGROUND

Defendant Chelsea Klinke ("Klinke") has filed a second Motion to Dismiss Plaintiff Melissa Muller's (hereinafter, "Plaintiff" or "Muller") Amended Complaint. As the Court already described the facts of this case in its December 27, 2012 Order (the "December Order") on Defendant's first Motion to Dismiss, ECF No. 52, only a cursory review is provided here.

Plaintiff was employed as a Regional Manager at American Laser Skincare ("ALS"). Plaintiff alleges several instances in which ALS's former CEO, Rich Morgan ("Morgan"), engaged in sexually

harassing behavior.  This behavior led to ALS conducting an investigation into Morgan, for which Plaintiff was interviewed. Klinke, ALS's Vice-President of Sales and Clinic Manager, allegedly sought to determine and influence what Muller would tell the investigators.  Klinke called Muller after the interview and grilled her about what she said, which caused Klinke to "freak out."  Am. Compl. ¶ 37.  Apparently as a result of the interview, Morgan was removed as CEO.

In the fall of 2010, Muller became pregnant.  She informed Klinke, who was unenthusiastic and responded that they could not have everyone getting pregnant at the same time.  In January 2011, Muller was informed that she was being placed on a Performance Improvement Plan ("PIP") even though her work had never been criticized.  Klinke later told Muller that she needed to step down as Regional Manager and assume the position of Clinic Manager. Later that month, and prior to her maternity leave, she was demoted to Clinic Manager at greatly reduced pay.

Plaintiff took her maternity leave in May 2011 and returned in July 2011.  In August 2011, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  She then received warning that she had 90 days to improve her performance, during which time Klinke fired Muller's assistant and refused to let her hire another.  Klinke then visited Muller's clinic and criticized her performance.

Muller received a Right-to-Sue letter from the EEOC in November 2011, but in December 2011 ALS filed for bankruptcy and Plaintiff could not file suit against it.  In January 2012, ALS received bankruptcy court approval to sell its assets free of liabilities, which were to be purchased by Bellus ALC Investments 1, LLC ("Bellus").  The day before closing, Plaintiff was terminated.

Plaintiff brought this action on March 12, 2012.  She alleges various causes of action stemming from the alleged sexual harassment and retaliation she suffered at ALS.  The original Defendants included Morgan, ALS, Klinke, Bellus, and Rhythm Manani ("Manani"), General Counsel and Vice-President of Human Resources of ALS.

Plaintiff filed an Amended Complaint on June 8, 2012.  ECF No. 33.  Klinke, Manani and Bellus moved to dismiss Plaintiff's claims on two grounds.  *See* Defs.' Mot. to Dismiss, ECF No. 35. First, Defendants argued that they should be dismissed pursuant to Rule 12(b)(2) because this Court lacked personal jurisdiction over them.  Second, Defendants claimed that the Court should dismiss Counts I, II, III, V, VI, VII, and VIII for failure to state a claim pursuant to Rule 12(b)(6).

In its December Order, the Court sought to address both of Defendants' arguments.  The Court dismissed the case against Manani and Bellus for want of jurisdiction.  While the Court determined

that it had jurisdiction over Klinke, it found Plaintiff's Complaint failed to state a claim against Klinke under all counts except for her retaliation claims pursuant to the Illinois Human Rights Act ("IHRA") and the Family Medical Leave Act ("FMLA"). Thus, only Counts III and V, those retaliation claims, survived.

Around the time the Court issued its December Order, Klinke's previous counsel withdrew from the case and she substituted present counsel. Following the ruling, Klinke's new attorney requested an opportunity to put forth a second Motion to Dismiss to assert arguments that she believed previous counsel should have made. The Court allowed Klinke to file this second Motion to Dismiss, which is now before the Court.

## II. <u>LEGAL STANDARD</u>

To survive a motion to dismiss, the complaint must comply with Rule 8(a) by providing a short plain statement of the claim showing that the pleader is entitled to relief while providing defendants fair notice of what the claim is and the grounds upon which it rests. *Chi. Police Sergeants Ass'n v. City of Chicago*, No. 08-cv-4214, 2011 U.S. Dist. LEXIS 72424 at *7 (N.D. Ill. July 6, 2011). In ruling on a motion to dismiss under Rule 12(b)(6), courts accept as true all of the plaintiff's well-pleaded factual allegations and any inferences reasonably drawn from them. *Id.* Also pertinent at the Rule 12(b)(6) stage are exhibits attached to the complaint and exhibits attached to the parties' briefs that are referred in the

complaint or central to a plaintiff's claims. *O'Connell v. Cont'l Elec. Constr. Co.*, No. 11 C 2291, 2011 U.S. Dist. LEXIS 119921 at *2 (N.D. Ill. Oct. 17, 2011) (quotations omitted).

### III. ANALYSIS

#### A. Local Rule 7.1

The Court first notes that Plaintiff's response to Klinke's motion to dismiss exceeded the 15-page limit established by Local Rule 7.1. Pursuant to this rule, any party seeking to file a brief in excess of fifteen pages can only do so with the Court's permission. While the Court will consider Plaintiff's present brief, the parties are warned that failure to comply with the Local Rules in the future may lead to their briefs being stricken.

#### B. Successive Rule 12(b)(6) Motions

Plaintiff argues that because the Court already ruled Plaintiff's pleadings satisfied the requirements of Rule 8 that Klinke's second motion is prohibited. Plaintiff relies on Rule 12(g)(2), which states "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Thus, Rule 12(g) generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant failed to raise at the first available

opportunity. *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, No. 02 C 4356, 2008 U.S. Dist. LEXIS at *9 (N.D. Ill. May 22, 2008).

Rule 12(h)(2), however, preserves a party's ability to make a failure to state a claim argument in three situations: in a pleading under Rule 7(a), in a 12(c) motion, or at trial. FED. R. CIV. P. 12(h)(2). Klinke, however, has presented her arguments in a Rule 12(b)(6) motion, so they do not fall into any of the three exceptions outlined in Rule 12(h)(2). Klinke's argument is thus technically waived, "in the limited context of a 12(b)(6) motion," if the argument was available to her at the time of her original motion to dismiss. Klinke does not contend that she could not have made the arguments previously, nor could she.

As stated above, though, there is a second exception to Rule 12(g)(2). Rule 12(h)(3) provides that "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Klinke claims that Plaintiff's IHRA retaliation claim must be dismissed because the Court lacks jurisdiction over it. Based on Plaintiff's Amended Complaint and the materials submitted with her response brief, it appears Klinke is correct.

### *1. Illinois Human Rights Act*

Klinke argues that Plaintiff failed to satisfy or plead the administrative prerequisites for her to proceed with an IHRA claim before this Court. Plaintiff responds that she need not do so.

There is support in this District for both positions.  *Compare Volling v. Antioch Rescue Squad*, No. 11 04920, 2012 U.S. Dist. LEXIS 171623 at *36 (N.D. Ill. Dec. 4, 2012) (refusing to dismiss Plaintiff's IHRA claims due to failure to plead exhaustion of administrative remedies) *with Marron v. Eby-Brown Co., LLC*, No. 11-CV-2584, 2012 U.S. Dist. LEXIS 7298 at *13-15 (N.D. Ill. Jan. 23, 2012) (granting dismissal of IHRA claim for failure to plead exhaustion of administrative remedies).

The Court need not address at length the parties arguments here with respect to what Plaintiff needed to plead or whether she met the requirements.  That is because in responding to Defendant's assertions that Plaintiff failed to exhaust her administrative remedies, she established (albeit accidentally) that the Court lacks jurisdiction over her IHRA claim.

The IHRA is intended to secure individuals in Illinois freedom from unlawful discrimination in connection with employment. *O'Connell*, 2011 U.S. Dist. LEXIS 119921 at *31.  "The IHRA limits the court's jurisdiction to claims that have first been raised through the administrative procedures set forth in the statute." *Hankins v. Best Buy Co.,* No. 10 CV 4508, 2011 U.S. Dist. LEXIS 139037 at *14 (N.D. Ill. Dec. 2, 2011).  The statute provides that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."  775 Ill. Comp.

Stat. 5/8-111(D). The statute sets out what steps are needed to confer jurisdiction over an IHRA claim to a court.

The version of the IHRA in effect when Plaintiff filed her charge with the EEOC provides that the charge was deemed filed with the Illinois Department of Human Rights ("IDHR") the same day she filed it with the EEOC. 775 Ill. Comp. Stat. 5/7A-102(A-1). Upon receipt of a charge filed with the EEOC, the IDHR was required to notify Plaintiff that she might also proceed with her charge before the IDHR. 775 Ill. Comp. Stat. 5/7A-102(A-1). The statute states that the complainant must notify the IDHR of her decision within 35 days of receipt of the IDHR's notice, otherwise the IDHR would close the case. *Id.* The IDHR would take no action until the EEOC made a determination of the charge. *Id.* After the EEOC reached its decision, the IDHR would either adopt the EEOC's determination or process the charge pursuant to the IHRA. *Id.* A claimant could bring suit 90 days after (1) being notified of the IDHR report's findings, or (2) the IDHR failing to issue a report within 365 days. *Id.;* 775 Ill. Comp. Stat. 5/7A-102(D), (G). It is the failure to comply with either of those filing restrictions that dooms Plaintiff's IHRA claim.

It is undisputed that Plaintiff received no Right-to-Sue letter from the IDHR. In responding to Klinke's Motion, Plaintiff's counsel submitted an "Affirmation in Opposition to

Defendant Chelsea Klinke's Second 12(b) Motion to Dismiss." ECF No. 59. In it, Plaintiff's counsel states:

> Additionally, I personally contacted the Illinois Department of Human Rights in connection with Plaintiff Melissa Muller's charges in late January 2013, to inquire about the status of her charges: I was instructed to forward Plaintiff Melissa Muller's EEOC right-to-sue letters to the Illinois Department of Human Rights, and have forwarded the EEOC right-to-sue letters in connection with those charges to the Illinois Department of Human Rights, and believe that the Illinois Department of Human Rights right-to-sue letter(s) should therefore be forthcoming.

*Id.* ¶ 4. Thus, Plaintiff acknowledges that she filed her IHRA claim before this Court without having been issued any Right-to-Sue letter from the IDHR. While Plaintiff did receive a Right-to-Sue letter from the EEOC, the fact that she received a Right-to-Sue notice from the EEOC does not establish that she may bring suit under the IHRA. *Hankins*, 2011 U.S. Dist. LEXIS 139037 at *16-17.

With respect to filing a lawsuit following the failure to receive a report after 365 days, the statute does not say whether the 365-day period commences when the complainant files the charge with the EEOC or when the IDHR files the charge after receiving the EEOC's determination. *O'Connell*, 2011 U.S. Dist. LEXIS 119921 at *35. It does not matter, however, because under either scenario, Plaintiff admits she filed her Complaint too early.

The Amended Complaint alleges that Plaintiff filed her initial charge with the EEOC (and thus with the IDHR) on August 11, 2011. Am. Compl. ¶ 59. Plaintiff argues that her initial charge was

filed "well over 365 days ago," on August 11, 2011. Pl.'s Resp. to Klinke's Mot. to Dismiss at 6; Am. Compl. ¶ 59. But the question is not simply whether she filed her charge with the EEOC more than a year ago. The question is whether she filed her Complaint within the 90-day window provided by the statute subsequent to the 365-day period.

If the 365-day period commenced when Plaintiff filed her initial EEOC charge on August 11, 2011, then she was required to file this suit between August 10, 2012 and November 8, 2012. Plaintiff, however, filed her initial Complaint asserting claims under the IHRA on March 12, 2012. *See* ECF No. 1. As such, she filed her IHRA claim six months too early. If the 365-day period commenced when the EEOC made its determination and issued its Right-to-Sue letter in November 2011, *see* Am. Compl. ¶ 68, then Plaintiff filed suit approximately nine months too early. Thus, even assuming Plaintiff exhausted all of her administrative remedies (which is questionable), her IHRA claim must be dismissed because she filed it too early under any circumstances. *See O'Connell*, 2011 U.S. Dist. LEXIS 119921 at *36 (dismissing IHRA claim regardless of whether administrative remedies had been exhausted because it had been filed either too early or too late); *McCarrell v. Wirtz Bev. Ill, Inc.,* No. 10 C 1530, 2010 U.S. Dist. LEXIS 92634 at *3-4 (N.D. Ill. Sept. 7, 2010) (IHRA claim filed prematurely must be dismissed under Illinois law). Dismissal is

appropriate, because filing too early creates a lack of subject matter jurisdiction. *See Davis v. Ill. Human Rights Comm'n,* 676 N.E.2d 315, 322-24 (Ill. App. Ct. 1997). Under Rule 12(h)(3), if the Court determines it lacks subject matter jurisdiction, it must dismiss the action. F<small>ED</small>. R. C<small>IV</small>. P. 12(h)(3).

The Court is aware that Plaintiff's window for filing her IHRA claim has passed under 775 Ill. Comp. Stat. 5/7A-102(G)(2). However, as stated above, Plaintiff indicated she was awaiting right-to-sue letters, which would grant her another window to file her claim. As it is thus possible that Plaintiff could still file a timely IHRA cause of action, Count III is dismissed without prejudice.

As guidance for Plaintiff if she chooses to amend her Complaint, the Court believes that those cases holding that a plaintiff must plead that she exhausted her administrative remedies have the better side of the argument. *See, e.g., Marron*, 2012 U.S. Dist. LEXIS 7298 at *13-15; *Hankins*, 2011 U.S. Dist. LEXIS 139037 at *15-17; *O'Connell*, 2011 U.S. Dist. LEXIS 119921 at *36; *Peters v. Fansteel, Inc.,* 736 F.Supp. 198, 201 (N.D. Ill. 1990). The Court notes the recent decision of *Robinson v. Village of Oak Park*, No. 1-12-1220, 2013 Ill. App LEXIS 234 (Ill. Ct. App. Apr. 16, 2013), in which the court suggested:

> that plaintiffs who exercise their right to file a circuit court case alleging a violation of the Illinois Human Rights Act attach a copy of the Illinois Human Rights Commissions' final agency action to their circuit

court complaint or otherwise allege sufficient facts with supporting dates in the body of the complaint sufficient to demonstrate that he/she did, in fact, timely exhaust all available administrative remedies at all stages.

*Id.* at *4-5. The reason it is necessary to plead exhaustion of remedies is because such facts are necessary for a court to determine whether it has jurisdiction over the IHRA claim.

For the reasons stated above, Plaintiff's IHRA retaliation claim is dismissed without prejudice.

### *2. Family Medical Leave Act Claim*

Klinke also argued that Plaintiff's FMLA retaliation count failed to state a claim. However, her arguments could have been brought during her first motion to dismiss, so her motion fails under Rule 12(g)(2). The Court notes, however, that even if her motion was proper, her arguments still would have failed. To state a claim for FMLA retaliation, a plaintiff must allege:

> (1) he or she engaged in a statutorily protected activity;
> (2) he or she suffered an adverse action; and (3) a causal link between the protected activity and the adverse action.

*Mattern v. Panduit Corp.*, No. 11 C 984, 2011 U.S. Dist. LEXIS 118057 at *20-21 (N.D. Ill. Oct. 11 2011). The Court found previously that Plaintiff's allegations were sufficient to state a cause of action for retaliation under FMLA. *See* 12/27/12 Order at 10-11. Klinke's new Motion to Dismiss does nothing to change that conclusion, as Plaintiff pled the necessary elements. Klinke's

Motion to Dismiss Count V, for retaliation in violation of FMLA, is denied.

### *3. Motion to Strike*

In the alternative to her Motion to Dismiss, Klinke seeks to strike the opening paragraphs of Plaintiff's Complaint. Klinke contends that these paragraphs violate Rule 8(a) and Rule 10(b). In addition, Klinke asks that these paragraphs be struck under Rule 12(f) as "immaterial, impertinent or scandalous." *See* FED. R. CIV. P. 12(f). Klinke is concerned particularly with allegations regarding a rumored affair between Morgan and herself. Plaintiff responds that the factual allegations in the opening paragraphs are relevant to the causes of action advanced, and that Klinke is seeking to "rule *in limine* that certain allegations are inadmissible." Pls. Resp. to Mot. to Dismiss at 16.

The opening paragraphs clearly violate Rule 10(b), as they are not in numbered paragraphs. They also violate Rule 8(a), in that they are certainly more detailed than a "short and plain statement of the claim." FED. R. CIV. P. 8(a). Those violations alone would not lead this Court to strike them. However, these paragraphs, as written, are more appropriate for an argumentative brief than a pleading. *See Mutuelle Generale Francaise Vie v. Life Assurance Co.,* 688 F.Supp. 386, 391 (N.D. Ill. 1988). For example, Plaintiff states that Klinke "served as an enforcer for a misogynist corporate culture" and that she was "more than just muscle for a

known sexual harasser." Am. Compl. at 1.  It is inappropriate for Plaintiff to engage in such argument in its Complaint.

Although Klinke's Motion to Strike pursuant to 12(f) also should have been brought with the original Motion to Dismiss, and is thus improper under Rule 12(g)(2).  Thus, the Court may act on its own under the Rule.  *See* Rule 12(f)(1).  As such, the Court strikes the first three paragraphs of the Amended Complaint.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, the Court grants in part and denies in part Defendant's Motion to Strike and Dismiss (ECF No. 55).

**IT IS SO ORDERED.**

                                               Harry D. Leinenweber, Judge
                                               United States District Court

Date:6/3/2013