**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MELISSA MULLER, | Case No. 12 C 1815 |
| Plaintiff, | |
| v. | Judge Harry D. Leinenweber |
| RICH MORGAN, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

After being terminated from her position as a regional manager at a laser hair removal company called American Laser Skincare ("ALS"), Plaintiff Melissa Muller ("Muller") initiated this action alleging, among other things, that Defendant Chelsea Klinke ("Klinke"), ALS's then-Vice President and Clinic Manager, violated the Family and Medical Leave Act by demoting and otherwise harassing her for taking maternity leave. Muller also claimed that Klinke tortiously interfered with her existing employment relationship with ALS and, subsequently, with her prospective employment relationship with the company that purchased ALS's assets in a bankruptcy sale.

On June 12, 2014, following a four-day trial, a jury returned a verdict in favor of Klinke on each of Muller's claims. The Court entered judgment in accordance with that

verdict and Muller declined to take an appeal.  Klinke now seeks to collect from Muller the litigation costs she incurred in defending the suit.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party may obtain reimbursement for certain litigation costs at the conclusion of a lawsuit.  The Rule establishes a "presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005).  In evaluating an application for costs, the Court must determine first whether the claimed costs are recoverable, and second, whether the costs requested are reasonable. *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). The Court has "wide latitude" in fixing a reasonable award. *Deimer v. Cincinnati Sub-Zero Prods., Inc.,* 58 F.3d 341, 345 (7th Cir. 1995).

## III.  ANALYSIS

Klinke seeks to recover costs totaling $2,032.45, which are itemized as follows:  (1) $89.00 in fees for service of a subpoena for records on one of Muller's medical providers, (2) $1,711.55 in fees associated with obtaining transcripts of Muller's deposition, and (3) $231.90 in photocopying costs

incurred in preparing certain pretrial submissions for the Court and various exhibits for use at trial. Muller opposes Klinke's application on two grounds. First, she argues that costs should not be assessed against her because she is indigent. Second, she contends that Klinke's requested costs should be reduced because they exceed that which is allowable by statute.

With regard to Muller's first objection, the general rule is that a party may be excused of her obligation to pay costs only in "exceptional circumstances." *Porter v. City of Chicago,* No. 08 C 7165, 2014 WL 3805681, at *2 (N.D. Ill. Aug. 1, 2014). Although indigence sometimes can qualify under that standard, the losing party must demonstrate both that she is incapable of paying any court-imposed costs at the present time and that she has no reasonable prospect of being able to pay in the future. *Rivera v. City of Chicago,* 469 F.3d 631, 635 (7th Cir. 2006). Muller has made no such showing here. While Muller did submit an affidavit stating generally that she currently is unemployed and has no income or savings, there is nothing to suggest that she will be unable to find work in the future. "[W]here it is possible, even if unlikely, that a losing party will be gainfully employed in the future, the awarding of costs to the prevailing party is appropriate." *Porter,* 2014 WL 3805681, at *2; *see also, Denson v. Ne. Ill.*

*Reg'l Commuter R.R. Corp.,* No. 00 C 2984, 2003 WL 21506946, at *2 (N.D. Ill. June 27, 2003). Muller's obligation to pay costs in this case therefore cannot be extinguished on the basis of her alleged indigence.

Muller's second objection is that reimbursement of a $570.00 court reporter appearance fee, which Klinke included as part of her requested deposition costs, should be disallowed because such fees are not recoverable under 28 U.S.C. § 1920, the federal cost-shifting statute. Actually, the Seventh Circuit has held that reporter attendance fees may be awarded under Rule 54(d) even though they are not mentioned specifically in the statute. *See, e.g., Held v. Held,* 137 F.3d 998, 1002 (7th Cir. 1998). However, deposition transcripts are compensable only up to maximum per-page rate of $3.65 as set by the Judicial Conference of the United States. Since that rate "covers *all costs* of transcript production," *Rogers v. City of Chicago,* 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002) (emphasis in original), Klinke is not entitled to recover attendance fees to the extent that they would result in a total charge that exceeds the $3.65 per-page cap. *See, Allen v. City of Chicago,* No. 09 C 243, 2013 WL 1966363, at *3 (N.D. Ill. May 10, 2013)(collecting cases). Thus, because Klinke already seeks to collect costs for Muller's deposition transcript at the maximum rate allowable, she may not also obtain

reimbursement for court reporter attendance fees. Accordingly, the $570.00 in claimed attendance fees is not recoverable.

Finally, Muller contends that Klinke should not be permitted to recover $91.60 in photocopying expenses she claims to have incurred in connection with replicating 136 pages of exhibits for use by the jury because those costs reflect a per-page rate that is unreasonably high. For all other photocopies, Klinke applied a rate of $0.10 per page, yet, for the jury exhibits, she claimed expenses at a rate of $0.67 per page. Klinke concedes that this was a "math error" and has agreed to accept reimbursement for the jury exhibits at the lower $0.10 per-page rate, which is reasonable and falls within the range generally approved by courts in this District. *See, e.g., Sommerfield v. City of Chicago,* No. 06 C 3132, 2012 WL 5381255, at *3 (N.D. Ill. Oct. 31, 2012)(approving copying costs at rates between $0.10 and $0.20 per page); *Shanklin Corp. v. Am. Packaging Machinery, Inc.,* No. 95 C 1617, 2006 WL 2054382, at *4 (N.D. Ill. July 18, 2006)(same). Applying the $0.10 rate, Klinke is entitled to photocopy costs for her jury exhibits in the amount of $13.60.

## IV. CONCLUSION

For the reasons stated herein, Klinke's application for costs [ECF No. 133] is granted in part and denied in part. For the reasons stated, Klinke's requested costs shall be reduced

by $648.00.  Accordingly, costs are taxed against Muller in the amount of $1,384.45.

**IT IS SO ORDERED.**

                                                              _____
                                                              Harry D. Leinenweber, Judge
                                                              United States District Court

Dated:12/29/2014